Case 1:22-cr-00438-CM    Document 135    Filed 03/06/25    Page 1 of 2

**Andrew G. Patel**
Attorney-at-Law
15 Chester Avenue
White Plains, New York 10601
Apatel@apatellaw.com

Telephone 212-349-0230

**By ECF**

MEMO ENDORSED

[SDNY filing stamp: DOCUMENT ELECTRONICALLY FILED, DATE FILED: 3/7/25]

March 6, 2025

*[Handwritten endorsement: 3/7/2025 — The motion must be denied and I am bound to follow Pastore and it is not within my writ to overturn it.]*

Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  United States v. Polad Omarov
     S8 22 Cr. 438 (CM)

Dear Judge McMahon:

This letter is respectfully submitted to request an Order dismissing Count Five of the S8 superseding indictment. Count Five charges Mr. Omarov with acting in concert to possess a weapon during and in relation a crime of violence. The indictment alleges that the crime of violence that the 18 § U.S.C. § 924(c) offence is related to is the attempted murder in aid of racketeering charged in Count [Four] of the indictment.[1]

In *United States v. Pastore*, 83 F. 4th 113 (2023), the Second Circuit held that attempted murder under New York State Penal Law § 110/125.25 is a crime of violence. It is respectfully submitted that *Pastore* was wrongly decided as a conviction under the New York State statute requires neither a violent act nor intent to kill. For example, under Penal Law § 125.25(4), a defendant can be guilty of murder if he "recklessly engages in conduct which creates a grave risk of serious physical injury or death to" a child.

---

[1] Count Five of the indictment actually charges that "the defendants, during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, namely, the attempted murder in aid of racketeering offense charged in **Count Five** of this Indictment, knowingly used and carried a firearm…" (emphasis added) For the purposes of this motion it is assumed that reference to "Count Five" in Count Five is a typographic error and will assume that it is actually a reference to the attempted murder in aid of racketeering offense charged in Count Four of the S8 superseding indictment.

**Honorable Colleen McMahon**
United States District Judge
March 6, 2025
Page 2

Such conduct does not satisfy the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A) which requires the use, attempted use, or threatened use of physical force against the person or property of another. Accordingly, under a categorical approach analysis, New York State Penal Law § 110/125.25 is not a crime of violence and cannot serve as a predicate for Count Five of the indictment.

We recognize that Your Honor is bound by the Second Circuit's decision in *Pastore* but we also note that the Supreme Court has taken Cert of that decision *sub nom Delligatti v United States*. It is respectfully submitted that we would be remiss in our obligation to Mr. Omarov if we failed to seek dismissal of Count Five and to preserve this issue for review pending the Supreme Court's decision in *Delligatti*.

Finally, it is respectfully submitted that this motion is timely as due the Government's recent change of position on the Rule of Specialty, we did not know that we will be proceeding to trial on Count Four and Five until earlier today.

Respectfully submitted,

/s/ Andrew Patel
Andrew G. Patel
Elena Fast
Michael Perkins
*Counsel for Polad Omarov*

cc:   All counsel of record by ECF